Electronically FILED by Superior Court of California, County of Los Angeles on 04/23/2019 01:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Alarcon,Deputy Clerk

**STEPHEN R. GOLDEN**
127 N. Madison Ave. Ste 101B
Pasadena, California 91101-1750
T: (626) 584-7800
F: (626) 795-5940
E-mail: stephen@stephengoldenlaw.com

Stephen R. Golden, In Pro Per

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| STEPHEN R. GOLDEN, an individual, | **Case No. 19GDCV00129** |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR:** |
| vs. | 1. **VIOLATION OF SECTION 1692f(1) OF FAIR DEBT COLLECTION PRACTICE ACT** |
| U.S. BANK, N.A., as Trustee for BNC MORTGAGE Loan Trust 2007-1 Mortgage Pass-Through Certificates, Series 2007-1, OCWEN LOAN SERVICING, LLC., and DOES 1 through 25 inclusive, | 2. **VIOLATION OF CALIFORNIA CIVIL CODE §2924.17** |
| | 3. **VIOLATION OF CALIFORNIA CIVIL CODE §2923.5-** *Wrongful Initiation of Foreclosure Proceedings* |
| Defendants. | 4. **PROMISSORY ESTOPPEL** |
| | 5. **UNFAIR, FRAUDULENT BUSINESS PRACTICE §17000** |
| | 6. **INTENTIONAL MISREPRESENTATION** |
| | 7. **NEGLIGENCE** |
| | **DEMAND FOR JURY TRIAL** |

**PARTIES**

**PLAINTIFF CAPACITIES**

1.      I, Stephen R. Golden, and at all times material herein has been an individual residing in Los Angeles County, State of California, and brings this action in good faith based on

LONG\FAC

-1-

FIRST AMENDED COMPLAINT

EXHIBIT 1
PAGE 46 OF 65

1  violations of various state laws and regulations.  Plaintiff's rights and interest in property as
2  alleged within this FIRST AMENDED COMPLAINT have been assigned from GREGORY S.
3  LONG (hereafter referred to as "LONG") to Plaintiff here by way of Assignment dated January
4  12, 2019.  **Exhibit 1** to this FIRST AMENDED COMPLAINT contains a true and correct copy
5  of such Assignment.

6  **PARTIES**

7  2.  Plaintiff is, and at all times material herein has been, individual residing in the
8  County of Los Angeles, State of California.

9  3.  Defendant **U.S. BANK, N.A.**, AS TRUSTEE FOR BNC MORTGAGE
10  MORTGAGES TRUST 2007-1, (hereinafter referred to as "**U.S. BANK**"), was a Corporate
11  Trustee for Real Estate Mortgage Investment Conduit (BNC MORTGAGE LOAN TRUST
12  2007-1 Trust) (Herein after BNC) for he holders ("Trust Beneficiaries") doing business within
13  the State of California.  At all times from 2012 until foreclosure, **U.S. BANK** was the principal
14  of its agent OCWEN LOAN SERVICING LLC, (hereafter, "**OCWEN**").

15  4.  The true names and capacities, whether individual, associate, corporate or
16  otherwise of the Defendants named herein as Does 1 through 25, inclusive, are unknown to
17  Plaintiff, who therefore sue these Defendants, and each of them, by fictitious names.  Plaintiff
18  will seek leave of court to amend his FIRST AMENDED COMPLAINT to state the true names
19  of Does 1 through 50 when ascertained.  Plaintiff is informed, and on that basis alleges that each
20  Defendant, including each Defendant designated as a Does, is responsible for the alleged
21  wrongful conduct and a party against whom equitable relief is appropriate.  Plaintiff is informed,
22  and on that basis alleges, that each Defendant is and/or was an agent, servant, coconspirator,
23  affiliate and/or employee of each of the other Defendants, and in doing the things alleged herein
24  was acting within the course and scope of said agency, conspiracy and/or employment.  Each
25  Defendant, including Does 1 through 50, will be collectively referred to hereinafter as
26  "Defendants."

27  5.  Plaintiff is informed, and believes, and thereon alleges that each Defendant,

28  LONG\FAC

-2-

FIRST AMENDED COMPLAINT

EXHIBIT 1
PAGE 47 OF 65

1  including Does, was and is the agent, employee, servant, subsidiary, partner, member, associate,

2  or representative of each other Defendants, including Does, and all of the things alleged to have

3  been done by the Defendants were done in the course and scope of the agency, employment,

4  service, subsidiary relationship, partnership, membership, association, or representative

5  relationship, and with the knowledge and consent of their respective principals, employers,

6  masters, parent corporations, partners, members, associates, or representatives.

7       6.     The Court has personal jurisdiction over Defendants and subject matter jurisdiction

8  over this case.

9       7.     Venue is proper in Los Angeles County, California, where the subject contract was

10  entered, where services were provided, and Defendants do business.

11  **GENERAL ALLEGATIONS**

12       8.     In or about December 14, 2006, LONG purchased that certain parcel of real

13  property with the legal address: 3493 North Glenrose Avenue, Altadena, County of Los Angeles,

14  State of California, 91001 (hereinafter referred to as "**GLENROSE PROPERTY**").

15       9.     The subject real property is legally described as:

16  "THAT PORTION OF FRACTIONAL LOT 6, SECTION 4, TOWNSHIP 1 NORTH,

17  RANGE 12 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF LOS

18  ANGELES, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT OF SAID

19  LAN FILED IN THE DISTRICT LAND OFFICE OCTOBER 28, 2879.

20  COMMENCING AT THE INTERSECTION OF THE NORTHWESTERLY LINE OF

21  GLENROSE DRIVE FORMERLY EDGEWARE ROAD AS DESCRIBED IN DEED TO THE

22  COUNTY OF LOS ANGELES RECORDED IN BOOK 13406 PAGE 36 OF OFFICIAL

23  RECORDS WITH A LINE PARALLEL WITH AND DISTANT NORTHERLY 30 FEET

24  MEASURED AT RIGHT ANGLES FROM THE SOUTHERLY LINE OF SAID LOT;

25  THENCE NORTH 20' 59' 45" EAST ALONG SAID NORTHWESTERLY LINE 123.30 FEET

26  TO THE BEGINNING OF A CURVE IN SAID NORTHWESTERLY LINE CONCAVE

27  SOUTHEASTERLY HAVING A RADIUS OF 370 FEET THE CENTER LINE OF WHICH IS

28  LONG\FAC                        -3-

EXHIBIT 1
PAGE 48 OF 65

1  DESCRIBED IN SAID DEED AS HAVING A RADIUS OF 340 FEET AND A LENGTH OF
2  224.57 FEET; THENCE NORTHWESTERLY ALONG SAID CURVE IN SAID
3  NORTHEASTERLY LINE 187 FEET TO THE TRUE POINT OF BEGINNING; THENCE
4  NORTHWESTERLY IN A DIRECT LINE 120 FEET MORE OR LESS, TO THE
5  NORTHEASTERLY EXTREMITY OF THAT CERTAIN COURSE IN A SOUTHEASTERLY
6  BOUNDARY LINE OF THE LAN DESCRIBED IN THE DEED TO R.W. WHITE AND WIFE
7  RECORDED IN BOOK 7090 PAGE 229 OF OFFICIAL RECORDS DESCRIBED IN SAID
8  DEED AS HAVING A BEARING AND LENGTH OF SOUT 36' 37'40" WEST 151.43 FEET;
9  THENCE NORTH 55' 43' EAST 70 FEET; THENCE SOUTHEASTERLY IN A DIRECT
10 LINE TO A POINT IN SAID NORTHWESTERLY LINE OF GLENROSE DRIVE DISTANT
11 NORTHEASTERLY ALONG SAID NORTHWESTERLY LINE 242 FEET FROM THE
12 SOUTHWESTERLY TERMINUS OF SAID CURVE TO SAID NORTHWESTERLY LINE
13 OF GLENROSE DRIVE HEREIN DESCRIBED; THENCE SOUTHWESTERLY ALONG
14 SAID CURVE 55 FEET TO THE TRUE POINT OF BEGINNING.

15      10.    On or about December 14, 2006, LONG purchased the aforesaid property for
16 $553,500 and executed a note in the amount of $553,500.00.  Sometime in 2012, loan servicing
17 for **US BANK** was transferred to **OCWEN.**

18      11.    On or about August 24, 2018, Plaintiff's paralegal at that time, Tom Carrozzo, sent
19 an email to Kenneth Miller, attorney for Defendants **U.S. BANK** and **OCWEN**, inquiring as to
20 whether his client would consider a forbearance in which arrears would be placed on the back of
21 the loan and payment would resume.

22      12.    On or about August 27, 2018, attorney Kenneth Miller for Defendant responded
23 that he would speak to Defendant, **OCWEN.**

24      13.    On or about September 13, 2018, Tom Carrozzo followed up with attorney for
25 **OCWEN**.  On or about August 27, 2018 Defendant's attorney Kenneth Miller in a telephone
26 conversation with Carrozzo, stated he would check with his client **OCWEN** to see if they would
27 consider a forbearance.

28

LONG\FAC                                        -4-

FIRST AMENDED COMPLAINT

EXHIBIT 1
PAGE 49 OF 65

14.     On or about September 13, 2018 Tom Carrozzo followed up with attorney for defendant via voice mail.  As of September 17, 2018, there was no response from counsel regarding the forbearance.

15.     On or about September 18, 2018, there was still no response regarding a forbearance.  Carrozzo called Defendant's attorney Kenneth Miller and Miller state he had not heard from his client, but that the sale date would continue to be posted each month until the case was settled.

16.     On or about October 29, 2018, LONG called his counsel stating the property was sold.

17.     On or about October 30, 2018, Carrozzo called attorney Kenneth Miller regarding the sale and for an update on the forbearance. Attorney Miller stated, "They won't foreclose until I tell them to, and I haven't told them to do so." Carrozzo then contacted LONG to let them know **OCWEN's** counsel confirmed that the property had not been sold.

18.     On or about November 2, 2018, Carrozzo contacted Kenneth Miller and was told to contact **OCWEN** directly for any updates.

19.     On or about November 2, 2018, Carrozzo contacted **OCWEN** and spoke with Jasmine, representative of Defendant. Jasmine stated, "The foreclosure process was complete as of October 23, 2018".

20.     On October 23, 2018, title to the property was illegally obtained by **U.S. BANK** at a purported Trustee Sale.

**FIRST CAUSE OF ACTION**
**(AGAINST OCWEN AND US BANK FOR VIOLATION OF SECITON 1692f(1) OF FAIR DEBT COLLECTION PRACTICES ACT)**

21.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

22.     From sometime in 2012 until 2017, Defendant **OCWEN** charged Plaintiff fees for merely making his monthly payment to **OCWEN**.

23.     Plaintiff alleges that **OCWEN** violated Section 1692f(1) of the FDCPA by

LONG\FAC                                                   -5-

FIRST AMENDED COMPLAINT

EXHIBIT 1
PAGE 50 OF 65

1    charging Convenience Fees to LONG for making loan payments by telephone, through IVR, or

2    through the internet. **OCWEN** used Western Union's "Speedpay $^{tm}$" service to facilitate these

3    kinds of payments during the period of time at issue in this Action, and the Convenience Fees

4    charge by **OCWEN** were often referred to as "Speedpay" fees. Plaintiff contends that such fees

5    were unlawful because **OCWEN** did not expressly authorize such fees in his underlying loan

6    documents.

7        24.    Section 1692k of the FDCPA provides that prevailing Plaintiffs may recover any

8    actual damages sustained as a result of a Defendant's violation of the FDCPA if any, along with

9    the costs of the action and a reasonable attorney's fee as determined by the court. Attorney fees

10   are also provided for in the loan documents.

11

12   ### SECOND CAUSE OF ACTION: Violation Of California Civil Code §2924.17
     ### (AGAINST OCWEN AND U.S. BANK)

13   *The Defendants Violated The HBOR, Civil Code § 2924.17(b), Which Prohibits Robo-Signing,*
     *the Execution of Documents Without Personal Knowledge or Review of Competent Evidence to*

14   *Substantiate the Borrower's Default and the Right to Foreclose*

15       25.    Plaintiff incorporates all preceding paragraphs of the FIRST AMENDED

16   COMPLAINT and the paragraphs of the subsequent causes of action as though fully set forth

17   herein.

18       26.    California *Civil Code* § 2924.17(b) provides that before recording or filing any of

19   the documents described in subdivision (a), including a notice of default, a notice of sale, a

20   substitution of attorney or other documents relative to a foreclosure proceeding, a mortgage

21   servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the

22   borrower's default and the right to foreclose, including the borrower's loan status and loan

23   information.

24       27.    Plaintiff is informed, and believes, and on that basis alleges that Defendants'

25   servicers have filed and recorded notices of default and sale, and declarations relative to their

26   illegal foreclosure proceeding which are not accurate and complete and supported by competent

27   and reliable evidence." The filing and/ or recordation of these documents have caused injury and

28   LONG\FAC                                    -6-

---

FIRST AMENDED COMPLAINT

EXHIBIT 1
PAGE 51 OF 65

1   damage to LONG, in an amount to be proven at trial.

2       28.   Plaintiff is informed, and believes, and on that basis alleges that the filing and/ or

3   recording of each of the documents that Defendants have recorded relative to the foreclosure

4   proceeding against LONG that violate California *Civil Code* § 2924.17(b) constitute a "Material

5   Violation" and thus trigger the injunctive relief provisions of California *Civil Code* § § 2924.12

6   and 2924.19.

7       *The Defendants Violated The HBOR, Civil Code § 2924.17(a), Which Requires that the*

8   *Borrower's Note, Deed of Trust, and Any Assignment Be Provided to the Borrower Upon Request*

9   *to Demonstrate the Right of the Servicer to Foreclose.*

10       29.   Plaintiff restates and reasserts each and every allegation set forth in paragraphs 1

11   through 34 above as if fully set forth in this count.

12       30.   Pursuant to California *Civil Code* § 2923.55(b), a mortgage servicer cannot record

13   a notice of default pursuant to *Civil Code* § 2924 until a statement is sent to the borrower that he

14   may request copies, among other things, of his (1) promissory note or other evidence of

15   indebtedness; (2) mortgage or deed of trust; and (3) assignment of the mortgage or deed of trust

16   required to demonstrate the right of the mortgage servicer to foreclose.

17       31.   Plaintiff is informed, and believes, and on that basis alleges that Defendants did

18   not comply with California *Civil Code* § 2923.55 and did not provide to LONG copies of the

19   required documents.

20       32.   **The HBOR Provides for Additional Remedies, Damages, and Attorneys' Fees.**

21       33.   Pursuant to California *Civil Code* Sections 2924.12(a), 2924.18, and 2924.19,

22   Plaintiff may seek an order that Defendants provide appropriate restitution to Plaintiff for the

23   violations alleged herein.  The rights, remedies and procedures provided by these sections are in

24   addition to and independent of any other rights, remedies or procedures under any other law.

25   Further, nothing in these sections shall be construed to alter, limit, or negate any other rights,

26   remedies, or procedures provided by law.

27       34.   Pursuant to California *Civil Code* Section 2924.12(i), Plaintiff may seek an award

28

LONG\FAC

-7-

FIRST AMENDED COMPLAINT

EXHIBIT 1
PAGE 52 OF 65

1 | of attorneys' fees and costs for the acts and practices engaged in by the Defendants as
2 | hereinabove alleged, according to proof, at trial.

3 |     35.    As a direct result of the above-mentioned misrepresentations, Plaintiff has been
4 | and continues to be damaged in an amount to be proven at trial, but in no event less than the
5 | jurisdictional amount. Plaintiff will seek leave of the Court to amend this FIRST AMENDED
6 | COMPLAINT once the full amount of Plaintiff' damages has been ascertained.

### THIRD CAUSE OF ACTION FOR WRONGFUL FORECLOSURE- *Violation of*
*California Civil Code §2923.5*
### (AGAINST OCWEN AND U.S. BANK)

10 |     36.    Plaintiff restates and reasserts each and every allegation set forth in the preceding
11 | paragraphs of the FIRST AMENDED COMPLAINT and the paragraphs of the subsequent
12 | causes of action as though fully set forth herein.

13 |     37.    California Civil Code §2923.5 required that the lender contact LONG before
14 | issuing a Notice of Default in order to assess LONG's financial condition and to discuss ALL
15 | options available to LONG to avoid foreclosure.

16 |     38.    **OCWEN** and/or **U.S. BANK** and/or Doe Defendants did not initiate contact with
17 | LONG prior to issuing the Notice of Default.

18 |     39.    Plaintiff alleges that no one from **OCWEN** and/or **U.S. BANK** and/or Doe
19 | Defendants was willing to work with them in order to discuss LONG's financial condition and
20 | the options available to avoid foreclosure.

21 |     40.    **OCWEN** and/or **U.S. BANK** and/or Doe Defendants failed to work with LONG
22 | on effecting a loan modification, or work with LONG to explore and exhaust other statutorily
23 | available alternatives to foreclosure before serving LONG with the Notice of Default.

24 |     41.    **OCWEN** and/or **U.S. BANK** and/or Doe Defendants never entered into a
25 | discussion with LONG on other options open to them in order to avoid foreclosure, such as short
26 | sale, etc.

27 |     42.    **OCWEN** and/or **U.S. BANK** and/or Doe Defendants merely suggested that
28 | LONG apply for a loan modification program without complying with the statutory requirements

LONG\FAC

-8-

EXHIBIT 1
PAGE 53 OF 65

1  for a face to face meeting with LONG to discuss how LONG could avail themselves of what the
2  programs had to offer.

3      43.    By failing to discuss and exhaust options available to LONG to avoid foreclosure
4  before recording the Notice of Default, **OCWEN** and/or **U.S. BANK** and/or Doe Defendants
5  violated *California Civil Code §2923.5*, which requires a beneficiary or lender to attempt to
6  discuss with the borrower possible alternatives to foreclosure.

7      44.    As a direct and proximate result of Defendants' actions, failures, omissions, and
8  fraudulent acts, LONG has been damaged in an amount to be proven at trial.

9
10                          **FOURTH CAUSE OF ACTION**
                               **Promissory Estoppel**
11                        **(AGAINST OCWEN AND U.S. BANK)**

12     45.    Plaintiff restates and reasserts each and every allegation set forth in the preceding
13  paragraphs of the FIRST AMENDED COMPLAINT and the paragraphs of the subsequent
14  causes of action as though fully set forth herein.

15     46.    There are three (3) elements that must be proven to successfully plead a cause of
16  action for promissory estoppel: 1) the promise which the promisor should reasonably expect to
17  induce action or forbearance of a definite and substantial character on the part of the promise; 2)
18  The promise induces such action or forbearance; and 3) an injustice can be avoided only by
19  enforcement of the promise.

20     47.    Under the Restatement (2d) of Contracts §90 states that "*a promise which the
21  promisor should reasonably expect to induce action or forbearance on the part of the promisee or
22  a third person and which does induce such action or forbearance is binding if injustice can be
23  avoided only by enforcement of the promise.*"

24     48.    Quality had previously postponed the Trustee's Sale to facilitate a settlement of the
25  Real Property on other occasions.  LONG had no reason to believe that **OCWEN** would not
26  postpone the Trustee's Sale again.  In reliance upon **OCWEN** promise, LONG did not borrow
27  funds from relatives to pay off arrears which was only approximately $20,000 or file exparte relief
28  seeking an injunction to stop the sale from the litigation that already had been instituted. Long had
LONG\FAC                                      -9-

                            FIRST AMENDED COMPLAINT

EXHIBIT 1
PAGE 54 OF 65

1  already available to him $14,000 from his retirement account.  Long would chosen one of these

2  two options and if necessary, would have filed a chapter 13 reorganization plan to pay off arrears

3  over 5 years.

4      49.    However, on the following day on October 23, 2018, Defendants and **OCWEN** did

5  sell LONG's beloved Real Property to Defendant **U.S. BANK**, but the foreclosure was void and

6  invalid because Defendant **OCWEN** had no authority to foreclose.

7      50.    LONG relied in good faith upon Defendants' promises that they would postpone the

8  trustee's sale so that they could reach a settlement.

9      51.    LONG's reliance was to substantial economic detriment as he expended time and

10  effort submitting and resubmitting documents and forewent other opportunities, including seeking

11  other financing to stop a Trustee's Sale, Chapter 13 bankruptcy, or sale to protect his equity.  Those

12  opportunities are now closed.

13      52.    Plaintiff demands damages as a result of being harmed by Defendant's wrongful

14  conduct including, but not limited to harmed credit, inordinate late fees and penalties that ate away

15  at his equity.

16      53.    As a direct and proximate result of Defendants' actions, LONG suffered damages,

17  including impairment to her credit rating, attorneys' fees and costs, severe emotional distress, and

18  other damages in an amount to be proved at trial.

19
20  **FIFTH CAUSE OF ACTION FOR UNFAIR, FRAUDULENT BUSINESS PRACTICE**
       *Violation of California Business & Professional Code §17200, et seq.*
       **(AGAINST OCWEN AND U.S. BANK)**
21

22      54.    Plaintiff incorporates all preceding paragraphs of the FIRST AMENDED

23  COMPLAINT and the paragraphs of the subsequent causes of action as though fully set forth

24  herein.

25      55.    Plaintiff is informed, and believes, and thereon alleges that the acts of Defendants

26  as above alleged constitute unlawful deceit within the meaning of the term under California law,

27  and therefore, among other reasons, violates *California Business & Professions Code §17200, et*

28  *seq.* by committing unfair and/or fraudulent business practices.
    LONG\FAC                                    -10-

FIRST AMENDED COMPLAINT

EXHIBIT 1
PAGE 55 OF 65

56.     Plaintiff is informed, and believes, and thereon alleges that Defendants used this Notice of Default form not only in connection with LONG's attempted foreclosure proceedings, but, as a standard form, with the public at large.

57.     *California Business & Professions Code §17200, et seq.* prohibits any "unlawful, unfair or fraudulent business act or practice" … A single act is actionable. The violation of *California Civil Code §2923.5* described herein pled is an unfair business practices and at the same time forbidden by law. Such an unfair practice offends established public policy and the practice is immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers.

58.     As a direct and proximate result of the wrongful, unlawful and illegal conduct, of all Defendants, LONG has been damaged in an amount not yet ascertained, to be proven at trial.

59.     Plaintiff alleges that the conduct perpetrated by Defendants, is and was conduct that was perpetrated, with the intent on their part of depriving LONG of property, of legal rights, of otherwise causing injury, and was despicable conduct that subjected LONG to cruel and unjust hardship, in conscious disregard of LONG's rights, so as to justify an award of exemplary and punitive damages in order to deter such future conduct.

## SIXTH CAUSE OF ACTION INTENTIONAL MISREPRESENTATION
### (AGAINST OCWEN AND U.S. BANK)

60.     Plaintiff incorporates all preceding paragraphs of the FIRST AMENDED COMPLAINT and the paragraphs of the subsequent causes of action as though fully set forth herein.

61.     LONG relied upon false statements made by attorney Miller, agent of Defendant **OCWEN**. Defendant knew or should have known that such statements were false when made and that LONG would rely on such false statements to his detriment.

62.     Without limiting the damages as described elsewhere in this FIRST AMENDED COMPLAINT, LONG's damages arising from the matters complained of in this Cause of Action also include loss of their house, costs and expenses related to protecting themselves, reduced

LONG\FAC                                  -11-

FIRST AMENDED COMPLAINT

EXHIBIT 1
PAGE 56 OF 65

1  credit scores, unavailability of credit, increased costs of credit, reduced availability of goods and

2  services tied to credit ratings, increased costs of those services, as well as fees and costs,

3  including, without limitation, attorneys' fees and costs.

4      63.    Plaintiff is entitled to such relief as is set forth in this Cause of Action and such

5  further relief as is set forth below in the section captioned Prayer for Relief which is by this

6  reference incorporated herein.

7

8  **SEVENTH CAUSE OF ACTION**<br>**(AGAINST ALL DEFENDANTS)**<br>**NEGLIGENCE**

9

10      64.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

11  though fully set forth herein.

12      65.    Such action by Defendants undertook a duty to review LONG for a modification

13  and other foreclosure alternatives.

14      66.    Defendant's negligent review of LONG's request for a workout and statements

15  regarding postponement of sale caused LONG to lose his home and suffer loss of equity and

16  damage to his credit.

17

18  WHEREFORE, LONG will as for the following for each Cause of Action sustained:

19      1.    For Compensatory Damages in an amount to be determined by proof at trial.

20      2.    For Special Damages in an amount to be determined by proof at trial.

21      3.    For General Damages in an amount to be determined by proof at trial.

22      4.    For Treble Damages in an amount to be determined by proof at trial.

23      5.    For Punitive Damages as against the individual Defendants.

24      6.    For Attorney's Fees and Costs of this action as provided in the controlling

25          agreement between the parties which is the Deed of Trust.

26      7.    Injunction stating that Plaintiff is the rightful owner of the subject property.

27      8.    For any prejudgment or other interest according to law.

28      9.    Any other and further relief that the Court considers just and proper.

LONG\FAC

-12-

FIRST AMENDED COMPLAINT

EXHIBIT 1<br>PAGE 57 OF 65

1

2    Dated: April 19, 2019               STEPHEN R. GOLDEN

3

4                                    Stephen R. Golden, In Pro Per

5

6

7                               **JURY DEMAND**

8         Plaintiff demands a jury trial for all causes of action set forth herein.

9                                 Stephen R. Golden

10   Dated: April 19, 2019

11                                    Stephen R. Golden, In Pro Per

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   LONG\FAC                            -13-

                                 FIRST AMENDED COMPLAINT

EXHIBIT 1
PAGE 58 OF 65



EXHIBIT 1

EXHIBIT 1
PAGE 59 OF 65

## ASSIGNMENT

This assignment is made and effective _____.

**BETWEEN:** **Gregory Long** (the "Assignor"), with his address located at:

3591 N. Glenrose Ave., Altadena, CA 91001

**AND:** **Stephen R. Golden** (the "Assignee"), an individual, who's office located at:

127 N. Madison Ave., Suite 101B. Pasadena, CA 91101

This Assignment of rights and claim is for purposes of Stephen R. Golden bringing legal action in his own name to obtain money damages for wrongful foreclosure and related claims. It replaces any agreements between parties prior to this agreement. The prior Attorney Client Contract between the parties herein is cancelled. Stephen R. Golden will not represent Gregory Long as his attorney.

Consideration: Stephen R. Golden will seek to obtain cash by way of settlement or judgment. In exchange for his services, Stephen R. Golden will receive 33% (thirty-three percent) of such settlement or judgment and Gregory Long will receive 67% (sixty-seven percent).

For the valuable consideration provided by the Assignee to the Assignor, the Assignor hereby assigns and transfers to Assignee all of his rights, title and interest in and to the property located at **3591 N. Glenrose Ave., Altadena, CA 91001**, and all claims and rights against his lender and any related parties.

This Assignment shall be binding upon and inure to the benefit of the parties, and their successors and assigns.

IN WITNESS WHEREOF, the Assignor has executed this Assignment on the day and year first above written.

Signed, sealed and delivered in the presence of;

ASSIGNOR

Authorized Signature

Gregory Long
Print Name and Title

ASSIGNEE

Authorized Signature

Stephen R. Golden, Individual
Print Name and Title

Gregory Long has been advised of his rights to seek legal counsel regarding his rights and duties under the Assignment. It is also agreed by Gregory Long is not hiring Stephen R. Golden to represent him or advise him of his legal rights regarding this Assignment and the litigation that Stephen R. Golden will bring to obtain money through judgment or settlement. By signing below, Gregory Long acknowledges he has been given an opportunity to seek independent legal advice.

Dated: _____01/11/19_____

Gregory Long

EXHIBIT 1
PAGE 60 OF 65

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the City and County of Los Angeles, California. I am over the age of 18 and not a party to the within action. My business address is 127 N. Madison Ave., Suite 101B, Pasadena, California 91101-1750.

**FIRST AMENDED COMPLAINT**

On the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| Attorney | Tel/Fax/Email |
|---|---|
| Bobbie Styles, Esq.<br>HOUSER & ALLISON, APC<br>9970 Research Drive<br>Irvine, CA | Tel: (949) 679-1111<br>Fax: (949) 679-1112 |

☒ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above with fees for overnight delivery paid or provided for.

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger will be filed under separate cover.

☒ (FACSIMILE) I faxed the documents to the persons at the fax numbers listed.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed, I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

EXHIBIT 1<br>PAGE 61 OF 65

1  ☐ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addresses listed above by electronic mail at the email address(es) set forth above pursuant
2  to Fed. R. Civ. P.5. (d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail
3  address of record in the case, shall constitute the proof of service as required by Fed. R. Civ.P.5.(d)(1). A copy of the NEF shall be attached to any document served in the traditional
4  manner upon any party appearing pro se.

5  ☒ (State)        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
6

7  ☐ (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the
8  United States of America that the above is true and correct.

9         Executed on April 19, 2019 at Pasadena, California.

10

11     Karen Golden
       (Type or print name)
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*LONG\POS FAC*                          -2-                          Case No: 19GDCV00129

EXHIBIT 1
PAGE 62 OF 65